**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**GOOD HOPE, INC.**                                                                        **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:07-CV-00197KS-JMR**

**JAMES P. WESTLAKE, INDIVIDUALLY AND
STEVE BOLIN, INDIVIDUALLY AND D/B/A
BMW DISASTER RELIEF, INC.**                                        **DEFENDANTS**

**VERSUS**

**CONNER HOUSE, INDIVIDUALLY**                        **COUNTER-DEFENDANT**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion to Dismiss **[#26]** filed on behalf of the

counter-defendant, Connor House. The court, having reviewed the motion, the

responses, the pleadings and exhibits on file, the briefs of counsel, the authorities cited,

and being otherwise fully advised in the premises, finds that motion to dismiss should

be denied.  The court specifically finds as follows:


**FACTUAL BACKGROUND**

Following Hurricanes Wilma and Katrina, the defendants, James P. Westlake

and Steve Bolin acting on behalf of BMW Disaster Relief, Inc. ("BMW") entered into

discussions with Conner House of Good Hope, Inc. to jointly conduct clean-up

operations in Mississippi and Florida.  Although apparently nothing was ever reduced to

writing, BMW and Good Hope ultimately commenced these clean-up operations at

similar locations with BMW's crews working some jobs and Good Hope's working others.  After each corporation incurred expenses, paid subcontractors, etc., there was apparently a disagreement over who owed whom money.  The defendants contend that after lengthy discussions about the situation, Steve Bolin tendered a check on October 26, 2006 on behalf of BMW to House and Good Hope in the amount of $30,000 as an alleged full and final settlement of the matter.

On September 19, 2007, Good Hope, Inc., filed its complaint against James P. Westlake and Steve Bolin, individually doing business as BMW Disaster Relief, Inc. to collect the money allegedly owed to it.  The plaintiff originally filed its complaint in the Circuit Court of Adams County, Mississippi.  On October 16, 2007, the defendants removed the case to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Thereafter, the court entered a case management order setting, among other things, December 31, 2007, as the deadline for Joinder of Parties.

On December 27, 2007, the plaintiff moved the court for permission to file an amended complaint adding BMW Disaster Releif, Inc. as a defendant.  The defendants filed a response to the motion on December 31.  On that same date, the court granted the motion to file the amended complaint.  The plaintiff filed the amended complaint on January 11, 2008, making the defendants' answer and any counterclaim to the amended complaint due January 25, which is the date such was filed adding House as a counter-defendant.  House has now filed the present motion to dismiss asserting that he was untimely joined and, alternatively, for failure to state a claim.

Even though the court had originally set a joinder date of December 31, the plaintiff's actions modified that deadline.  The plaintiff filed a motion to amend, which

2

was granted, and then amended its complaint to bring in an additional defendant.  The defendants timely responded and filed a counter-claim.  No leave of court was necessary to add House as a party.  *See Northfield Ins. Co. v. Bender Shipbuilding & Repair Co., Inc.*, 122 F.R.D. 30, 31 (S.D.Ala. 1988) ("1966 revision of the rule, which dropped the provision that 'the court shall order [additional parties] to be brought in,' eliminates the need to obtain leave of court where the new parties are being brought in on a counterclaim which is raised in the original answer."); *Metallgesellschaft AG v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553, 557 (D.Del. 1992) (same); *Classic Weavers Ltd. v. Couristan, Inc.*, 1996 WL 786805, *8 (N.D.Ga. 1996) (same). Thus, the court finds that the defendants' counterclaim was both proper and timely.

House also seeks dismissal on the grounds that the counterclaim fails to state a claim for which relief can be granted.  In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the counter-claim filed by the defendants in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th

Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, _____ U.S. _____ , _____ , 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).

House asserts that Good Hope, Inc. is a corporation organized under the laws of the State of Mississippi and is in good standing with the State of Mississippi and that he, House, is an officer and employee of Good Hope, Inc. and was so at all times during the events giving rise to the defendants' counterclaim.  House alleges that he acted on behalf of Good Hope, Inc. in attempting to collect the debt owed by the defendants and acted on behalf of Good Hope, Inc. when he accepted Steve Bolin's voluntary payment as, what he describes as, partial payment of the monies owed to Good Hope, Inc.

The defendants contend that the thirty thousand dollars ($30,000) forwarded by Steve Bolin to House and Good Hope was paid to settle this entire matter and that House agreed on behalf of Good Hope.  The defendants allege that House personally as well as Good Hope breached this settlement agreement by filing the instant lawsuit claiming that the defendants owed additional monies.

Viewing the facts most favorably to the defendants/counter-plaintiffs, the court concludes that they have pled sufficiently to allege a breach on the part of House individually.  The conduct of House will be fleshed out more fully in discovery and the

4

issue of his ultimate individual liability may be revisited.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss

**[#26]** filed on behalf of the counter-defendant, Connor House is denied.

SO ORDERED AND ADJUDGED this the 14th  day of August, 2008.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

5